In re Leroy JONES and Paula Faye Jones, Debtors.

Leroy JONES and Paula Faye Jones, Appellants,

v.

Alfred GARCIA and Rosie A. Garcia, Appellees.

No. 95–40126

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 11, 1995.

---

William T. Burrell, Frank John Maida, Beaumont, TX, for appellants.

Thomas J. Sibley, Beaumont, TX, for appellees.

Before POLITZ, Chief Judge, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

POLITZ, Chief Judge:

Leroy Jones and Paula Faye Jones, Chapter 13 debtors, appeal a judgment approving a post-petition foreclosure upon their real property. Concluding that there was neither error nor abuse of discretion in the district court's modification of the statutory stay[1] to retroactively validate the foreclosure, we affirm.

## Background

In March of 1989 the Joneses purchased certain real property in Beaumont, Texas from Alfred and Rosie A. Garcia, giving in payment a promissory note for $27,000. The resulting mortgage was secured by a Deed of Trust duly filed in the records of Jefferson County, Texas.

The Joneses defaulted on the note in 1991 causing the Garcias to commence foreclosure proceedings. In response the Joneses sought relief under Chapter 13 of the Bankruptcy Code, staying the foreclosure. Payments were resumed but the Joneses again defaulted on their note in March of 1994 and foreclosure proceedings were again instituted. On May 5, 1994 the Joneses dismissed their Chapter 13 proceedings and a copy of the motion was served on the Garcias.

On May 16, 1994 the Garcias accelerated the Jones mortgage note. A few days later the Joneses filed a second Chapter 13 petition but no notice of same was served on the Garcias nor was a notice filed in the pertinent Jefferson County property records. Unaware of the new bankruptcy proceeding the Garcias continued with the foreclosure and on June 7, 1994 purchased the property at the foreclosure sale.

Sometime thereafter counsel for the Garcias was notified of the new Chapter 13 filing and the Garcias sought authority to pursue an eviction action against the Joneses who continued to maintain possession of the property. The Joneses maintained that the foreclosure sale was void because it occurred after their bankruptcy filing which triggered the automatic stay. The bankruptcy judge declined to void the transfer of title, finding that the Garcias were good faith purchasers without notice of the bankruptcy filing and therefore protected by Section 549(c) of the Bankruptcy Code.[2] The district court affirmed modifying the automatic stay and the Joneses timely appealed.

## Analysis

The Joneses maintain that the foreclosure and subsequent sale of their Beaumont property is void because it occurred after the effective date of the automatic stay under 11 U.S.C. § 362(a) and, therefore, the Garcias have no legal right to evict them. The Joneses misperceive the law. It is well-settled that "actions taken in violation of the automatic stay are not *void*, but rather they are merely *voidable*, because the bankruptcy court has the power to annul the automatic stay pursuant to section 362(d)."[3]

---

1. 11 U.S.C. § 362(a).

2. 11 U.S.C. § 549(c).

3. *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir.1990), *citing Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir.1989). *See also In re Calder*, 907 F.2d 953 (10th Cir.1990)

■ Of particular significance to today's disposition is the power of the courts á quo to terminate, annul, modify, or condition the automatic stay, insofar as it concerns "an act against single asset real estate," in favor of "a creditor whose claim is secured by an interest in such real estate."[4] The judgment appealed specifically relies upon section 362(d) for its modification of the automatic stay. Given the fact that the Garcias, who are not commercial lenders, received neither actual nor presumed constructive notice of the Joneses' bankruptcy filing until after title had transferred to them,[5] we perforce conclude that there was neither error nor an abuse of the discretion afforded the court by section 362(d).[6]

The judgment of the district court is AFFIRMED.

(allowing proof of claim based on state court judgment entered after bankruptcy petition filed); *In re Ward,* 837 F.2d 124 (3rd Cir.1988) (post-stay foreclosure and sale is valid if purchaser qualifies for section 549(c) exception; *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984) (bankruptcy courts power to "annul" stay includes retroactive validation of acts in violation of the stay); *Matthews v. Rosene,* 739 F.2d 249 (7th Cir.1984) (laches barred debtor's attempt to void state court judgment entered after automatic stay); *In re Smith Corset Shops, Inc.,* 696 F.2d 971 (1st Cir.1982) (post-stay state court default judgment and execution of that judgment not void where debtor concealed bankruptcy filing from creditor).

Perhaps our language in *Picco* and *Sikes* occasioned some confusion in the courts á quo. Our statement in *Picco* that actions taken in violation of the stay are voidable must be understood in context. It is the effect of the stay *itself* which is voidable, subject to the broad discretion afforded a bankruptcy judge under section 362. In this case, the district court merely exercised its discretion to modify the stay, as section 362(d)(3) authorizes, thereby validating the foreclosure and transfer of title to the Garcias.

4. 11 U.S.C. § 362(d)(3).

5. Compare *Calder, supra,* 907 F.2d at 956 ("courts will apply equitable considerations at least where the creditor was without actual knowledge of a bankruptcy petition and the bankrupt's unreasonable behavior contributed to the bankrupt's plight").

6. The bankruptcy judge found that the Garcias were *not subject to the automatic stay's effect* because they qualified for the good faith purchaser exemption in 11 U.S.C. § 549(c). This provision serves as an exception to the discretionary authority of the bankruptcy trustee to "avoid" certain transfers of property under section 549(a). Section 549(a), however, expressly exempts from the trustee's authority transactions "authorized ... by the court," including transactions such as that involved in this case which was retroactively authorized by the court under section 362(d). The section 549(c) exception is therefore not implicated in this case; the transfer of the title at issue is not one of the class of transactions which section 549(a) allows the bankruptcy trustee to avoid.