**In re Billy G. ARMSTRONG, Debtor.**

**Dale L. McCULLOUGH,
Trustee, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 389–35452–SAF–7.
Adversary No. 397–3180.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Nov. 25, 1997.

O. Jan Tyler, Boyd & Veigel, McKinney, TX, for Plaintiff.

Gregg D. Stevens, Department of Justice, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

Dale L. McCullough, the Chapter 7 trustee of the bankruptcy estate of Billy G. Armstrong, the debtor, brought this action pursuant to 11 U.S.C. § 505 to recover $126,240.00, which is the agreed amount of the overpayment of taxes for the 1984 tax year. The United States filed a motion to dismiss or, in the alternative, for summary judgment. McCullough filed his own motion for summary judgment.

The court conducted a hearing on the motions on September 12, 1997. The parties agreed that they did not dispute the material facts and that the matter should be adjudicated on the pending motions.

The United States contends that the complaint must be dismissed because the trustee's request is barred by the statute of limitations and that the claim is precluded by the doctrine of res judicata. The trustee counters that the United States must deliver the refund to the bankruptcy estate.

### Statute of limitations

The United States contends that McCullough's complaint for a judgment of $126,240.00 is not timely.

On March 1, 1995, representatives of the Internal Revenue Service agreed with Armstrong that his income tax liability for 1984 was $14,758.00. Armstrong had paid the IRS $140,997.80 towards his 1984 taxes. Armstrong overpaid his 1984 taxes in the amount of $126,240.00.

On September 16, 1985, Armstrong filed his 1984 income tax return. On March 10, 1988, Armstrong signed form 872A—"Special Consent to Extend Time to Assess Tax" for the tax year ended December 31, 1984. The IRS signed the agreement on March 14, 1988. The agreement ended on the earlier of an expiration date defined in the agreement

or the assessment date of an increase in taxes or the over assessment date of a decrease in the taxes. The agreement provides that Armstrong may file a claim for a refund within six months after the agreement ends.

Before the agreement ended, on September 1, 1989, Armstrong filed his petition for relief under the Bankruptcy Code. Armstrong's claim for a refund for the overpayment of 1984 taxes became property of his bankruptcy estate. 11 U.S.C. § 541. The Bankruptcy Code imposed on the IRS a stay of an assessment against Armstrong. 11 U.S.C. § 362(a).

The Internal Revenue Code provides, accordingly, that the limitations for making an assessment is suspended for the period that the Bankruptcy Code prohibits the IRS from making an assessment until 60 days after the prohibition is lifted. 26 U.S.C. § 6503(h).

Armstrong obtained his discharge on March 26, 1990. The stay against the IRS making an assessment against Armstrong lifted on that date. 11 U.S.C. § 362(c)(2)(C). The stay did not lift against property of the bankruptcy estate. 11 U.S.C. § 362(c)(1).

The IRS made an income tax deficiency assessment for the year 1984 against Armstrong on January 2, 1991. Under their agreement, the period for the IRS to make an assessment ended January 2, 1991. Under the agreement, Armstrong had six months from that date to request a refund. McCullough did not request the payment until December 20, 1996. The United States maintains, therefore, that the request is time barred.

McCullough counters that the IRS remains stayed under 11 U.S.C. § 362(c)(1) from making an assessment against property of the estate and, therefore, the statute of limitations as affected by the consent agreement has not recommenced to run against the bankruptcy estate.

Both parties have unnecessarily complicated the issue for this case. The Bankruptcy Code directs the outcome of this case without a journey through the intricacies of the Internal Revenue Code.

Ordinarily, a debtor's claim for a tax refund for pre-petition tax years becomes property of the debtor's bankruptcy estate. To obtain the refund, the trustee must file a claim for a refund for the overpayment of the pre-petition taxes with the Internal Revenue Service within the time prescribed by the Internal Revenue Code, as adjusted by the Bankruptcy Code. But under the specific facts of this case, the ordinary process does not apply. The claim for a refund for overpayment of taxes has already been liquidated into a specific amount of money. The debtor's interest in that amount of money became property of the bankruptcy estate. The claim process of the Internal Revenue Code has, under these specific circumstances, been superseded by the mandate of the Bankruptcy Code. The limitations period prescribed by the Internal Revenue Code does not apply.

Armstrong overpaid his 1984 taxes by $126,240.00. The United States agrees with this fact. The debtor's interest in the undisputed and agreed overpaid amount is property of the Armstrong bankruptcy estate. 11 U.S.C. § 541. Section 542(a) of the Bankruptcy Code provides, in pertinent part, "an entity … in possession, custody, or control, during the case, of property that the trustee may use … shall deliver to the trustee … such property, unless such property is of inconsequential value or benefit to the estate." An "entity" includes a "governmental unit." 11 U.S.C. § 101(15). A "governmental unit" means, as here relevant, the United States or a department or agency of the United States. 11 U.S.C. § 101(27). The Internal Revenue Service is an entity under § 542(a). It is in possession of $126,240.00. The trustee may use that money. The $126,240.00 has obvious value and may be used to benefit the bankruptcy estate. Consequently, the United States "shall deliver" the $126,240.00 to the trustee. 11 U.S.C. § 542(a). The Internal Revenue Code does not preempt or supersede this mandatory Congressional command. The United States must deliver the overpayment to the trustee. See *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

The United States and the debtor determined and liquidated the overpayment in an agreed amount after the commencement of litigation in 1993. When the United States, the debtor and the trustee agree on the amount of overpayment, the claim has been liquidated. The debtor's interest in the liquidated amount becomes property of the bankruptcy estate. The trustee has no need to commence the refund process under the Internal Revenue Code because the Bankruptcy Code compels the turnover of the liquidated amount to the trustee.

Although § 542 of the Bankruptcy Code is dispositive, the court nevertheless addresses the parties' arguments. If the trustee could only obtain the liquidated and agreed overpayment amount by filing a refund claim, then McCullough's claim is not timely.

McCullough contends that the statute of limitations remains tolled because the stay of § 362 has not been lifted regarding property of the estate. Thus, although the statute of limitations has run for Armstrong, he argues that it has not run for the trustee. Since the claim for the 1984 overpayment is property of the bankruptcy estate, McCullough may still pursue the refund.

McCullough filed a claim for refund with the IRS on December 20, 1996. Because McCullough believes that the assessment time has still been tolled by § 362 against property of the estate, he maintains that his claim for refund was timely submitted to the IRS under 11 U.S.C. § 108(b). But the stay of acts against property of the estate is not relevant. The assessment is made against the taxpayer. The stay of acts against Armstrong, the taxpayer, lifted with his discharge. 11 U.S.C. § 362(c)(2)(C). Sixty days after the stay lifted, the IRS could then proceed with its assessment. 26 U.S.C. § 6503(h). Under Armstrong's agreement with the IRS, Armstrong had six months to file a claim for refund of an overpayment from the end of the agreement. The agreement ended January 2, 1991. Section 108(b) protects the trustee, by enabling him to step into the shoes of the debtor to pursue a refund. That is, the trustee may file the claim up to the end of the agreed period, including the suspended time occurring on or after the commencement of the bankruptcy case. 11 U.S.C. § 108(b)(1). The trustee did not timely file a claim.

The IRS made its assessment on January 2, 1991. Under the consent agreement, Armstrong had six months to file his refund claim. That time met the six month minimum required by the Internal Revenue Code. 26 U.S.C. § 6511(c)(1). Thus, if the trustee could only obtain the payment of the $126,240.00 by the claim process with the IRS, the United States would be correctly construing the statutes.

But, as found above, the limitations is simply not applicable to the bankruptcy trustee where the claim for refund of a pre-petition tax overpayment has been liquidated. To reiterate, at the time of the entry of the order for relief, the claim for refund of the overpayment became property of the bankruptcy estate. After commencement of litigation, the debtor and the IRS liquidated the trustee's claim. The debtor's interest in the liquidated amount of money thereby became property of the bankruptcy estate. The United States has been compelled by Act of Congress, 11 U.S.C. § 542(a), to deliver that amount of money to the trustee.

The United States contends that the bankruptcy trustee's ability to obtain the $126,-240.00 must be subject to limits. The United States offers no reason or rationale to support this statement. When neither the Internal Revenue Code nor the Bankruptcy Code expressly provide that one supercedes or preempts the other, the court must read them harmoniously. *See Board of Governors v. MCorp Financial,* 502 U.S. 32, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991). Under the Bankruptcy Code, the trustee must collect and distribute property of the bankruptcy estate. The United States is holding the liquidated overpayment for the bankruptcy estate with a statutory command to deliver the funds to the trustee. Not all claims of this nature need a limit. The United States, through this court, holds unclaimed bankruptcy dividends for the recipients indefinitely. This is merely a service owed by the government to the citizens. The United States holds the liquidated overpayment under the Bankruptcy Code for the trustee to

be distributed to the creditors of a bankruptcy estate.

The court recognizes that the Secretary of the Treasury, within the applicable period of limitations, shall refund an overpayment to a taxpayer. 26 U.S.C. § 6402(a). The Internal Revenue Code specifies the limitations period for filing a claim for refund of an overpayment. 26 U.S.C. §§ 6511(a), (b)(2)(A) and (c). That period may be extended by agreement. 26 U.S.C. § 6511(c). When the limitations period is triggered by an assessment date, the assessment period is suspended while the Secretary is stayed by the Bankruptcy Code. 26 U.S.C. § 6503(h). The Bankruptcy Code dictates when the suspension ends. When the trustee may act in the debtor's place, the Bankruptcy Code prescribes the time period for the trustee to act. 11 U.S.C. § 108(b). But when rights are fixed and liquidated to become an interest in property, Congress did not subject the trustee to that process. Rather, Congress directed that any entity, here the United States, which is holding property of the estate "shall deliver" that property to the trustee without a complicated and expensive process. Under the Internal Revenue Code, the Secretary shall refund the funds if requested within the "applicable period of limitations." When the claim has been liquidated into money, the unlimited turnover mandate of the Bankruptcy Code becomes, in effect, the applicable period within which the Internal Revenue Code compels the Secretary to act. This reading harmonizes both codes. Because the court is reading and harmonizing the two codes, the court is not equitably tolling an otherwise applicable limitations period. *See United States v. Brockamp*, — U.S. —, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997).

This reading of the codes is limited to the facts and circumstances of this case; specifically, the liquidation of an overpayment in a fixed amount of money by agreement of the United States and the taxpayer following the commencement of litigation that thereby became subject to the turnover command of the Bankruptcy Code. Had that not occurred, the trustee would have had to file a claim with the IRS consistent with the limitations period in the Internal Revenue Code.

The United States is not prejudiced by this application of § 542 of the Bankruptcy Code. The government has enjoyed the use of the funds during this time period. Because the court is directing a turnover under the Bankruptcy Code, the trustee may not recover costs under the Internal Revenue Code.

### Res Judicata

■ The United States contends that the refund of the 1984 overpayment is precluded by the final judgment entered on March 21, 1995, in *Armstrong v. United States*, adversary proceeding no. 393–3286. For the doctrine of res judicata to bar the trustee's recovery of the overpayment: (1) the parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must have been a final judgment on the merits in the prior case; and (4) the same cause of action must be involved in both cases. *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir.1983).

Adversary proceeding no. 393–3286 was brought by the debtor Billy Armstrong, not by the trustee. In the complaint, as amended, Armstrong did seek a recovery of the 1984 overpayment as well as refunds for the post-petition levy on Armstrong's commissions and for the recovery of litigation costs. Following commencement of the litigation, Armstrong and the IRS agreed on the amount of the 1984 overpayment. Prior to trial, Armstrong recognized, however, that he could not obtain recovery of the 1984 overpayment. His interest in the 1984 overpayment had become property of his bankruptcy estate. The automatic stay prevented him from obtaining recovery of that property. Although Armstrong and the IRS agreed on the overpayment amount in the course of litigation, any action on Armstrong's part to obtain recovery would have been voidable. *Jones v. Garcia*, 63 F.3d 411, 412 (5th Cir. 1995). In the pre-trial order and again on the record at trial, the parties recognized that the actual recovery of the 1984 overpayment was not before the court. The court recognized that the trustee would have to pursue that property.

Consequently, the parties were not identical and the same matter had not been in-

volved in both cases. The 1993 case on the merits involved post-petition property interests while this litigation involves recovery of property of the bankruptcy estate. The 1993 case involved the debtor against the IRS for post-petition matters. This case involves the trustee against the IRS for recovery of property of the estate derived from the pre-petition tax year of 1984.

The doctrine of res judicata does not apply.

Based on the foregoing,

**IT IS ORDERED** that the motion to dismiss or, in the alternative, for summary judgment by the United States is **DENIED.**

**IT IS FURTHER ORDERED** that the motion for summary judgment by Dale McCullough is **GRANTED.** The Chapter 7 trustee shall have a judgment for a turnover of the overpayment of 1984 taxes in the amount of $126,240.00 pursuant to 11 U.S.C. §§ 505 and 542.

Counsel for the trustee shall prepare a final judgment consistent with this order.