**Jasper C. ROWE, Appellant,**

v.

**OCWEN FEDERAL BANK & TRUST f/k/a Berkely Federal Bank, FSB, Appellees.**

No. 4:97–CV–93.

United States District Court, E.D. Texas, Sherman Division.

Dec. 16, 1997.

(1992); *Reich v. Arcadian Corp.,* 110 F.3d 1192, 1196 (5th Cir.1997).

Jasper Calhoun Rowe, Plano, TX, pro se.

Rosa Jean Bryant, Barrett Burke Wilson Castle Daffin & Frappier, Houston, TX, for Appellees.

## MEMORANDUM OPINION

COBB, District Judge.

### I. INTRODUCTION

This case is before this Court on appeal from the Honorable Donald Sharp's[1] dismissal, with prejudice, of Jasper Rowe's fifth and latest Chapter 13 bankruptcy petition and his order to lift the automatic stay *ab initio* thereby, validating Ocwen's foreclosure sale of Rowe's home. This Court, after a thorough review of the record, the parties' briefs, and the applicable authorities, finds that the bankruptcy court acted within its discretion to dismiss Rowe's case and to annul the automatic stay *ab initio*. Accordingly, the orders of the bankruptcy court are affirmed.

### II. DISCUSSION

#### A. Procedural History

In a saga that can best be described as part comedy, part tragedy, and wholly abusive of the bankruptcy code's tenets, Jasper Rowe filed a series of five Chapter 13 Bankruptcy cases in an effort to stave off appellee/creditor Ocwen's attempt to foreclose on and sell Rowe's home. Rowe's first four Chapter 13 filings were dismissed for a variety of reasons. In finding that Rowe had no hope for reorganization, that he had never presented a viable reorganization plan, that the only purpose behind Rowe's repetitive petitions was to improperly interfere with Ocwen's foreclosure proceedings, and that Rowe's repeated filing of Chapter 13 petitions in violation of the 180-day ban imposed by 11 U.S.C. § 109(g) demonstrated a lack of good faith, the bankruptcy court *sua sponte*

---

1. United States Bankruptcy Court, Eastern District of Texas, Sherman Division.

dismissed with prejudice Rowe's latest Chapter 13 filing.

Rowe timely appeals the bankruptcy court's dismissal with prejudice of his fifth and latest Chapter 13 bankruptcy petition. In this appeal, Rowe claims that the bankruptcy court: 1) had insufficient grounds to dismiss Rowe's case for lack of good faith and for violating 11 U.S.C. § 109(g); 2) abused its discretion in annulling the automatic stay *ab initio;* and 3) denied him due process by ordering his case dismissed without convening an evidentiary hearing as to good faith. Finding no merit to any of Rowe's claims this court, affirms the holding of the bankruptcy court.

**B. Standard of Review**

The district court exercises appellate jurisdiction over bankruptcy matters. 28 U.S.C. § 158(a). When an issue raised on appeal is a question of law, this court reviews the decision of the bankruptcy court *de novo. Pierson & Gaylen v. Creel & Atwood (In re Consolidated Bancshares Inc.),* 785 F.2d 1249, 1252 (5th Cir.1986). When an issue raised on appeal is one of fact, this court applies the "clearly erroneous" standard of review to the findings of the bankruptcy court. *Memphis–Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.),* 783 F.2d 1283, 1287 (5th Cir.1986). The bankruptcy court's finding cannot be considered clearly erroneous if it is plausible in light of the record viewed in its entirety. *Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985).

1. *The Bankruptcy Court's Dismissal of Rowe's Chapter 13 Petition for Lack of the Good Faith and for Violating 11 U.S.C. § 109(g)*

Rowe's first claim of error concerns whether the bankruptcy court had sufficient evidence to support a finding that Rowe did not file his latest Chapter 13 petition in good faith and more significantly whether or not Rowe filed the petition in violation of 11 U.S.C. § 109(g). In addressing this claim, it is instructive to look closely at the history of Rowe's Chapter 13 filings and the facts surrounding his latest petition. Rowe's history of filing Chapter 13 petitions is:

| Case | Date(s) Filed | Date(s) Dismissed | Comments |
| --- | --- | --- | --- |
| 94–40300–DRS–13 | 2/28/94 | 4/22/94 | Voluntary dismissal by debtor |
| 94–40903–DRS–13 | 6/6/94 | 11/30/94 | Dismissed on motion of trustee |
| 95–40712–DRS–13 | 4/3/95 | 8/9/95 | Dismissed with prejudice on motion of trustee, 180 day ban on re-filing imposed. |
| | 9/22/95 (motion to reconsider) | 10/5/95 (denied) | |
| | 10/12/95 (appeal to district court) | 1/30/97 (affirmed) | Rowe received three extensions of time to file appeal brief total of 70 days. |
| 95–42145–DRS–13 | 10/2/95 | 6/6/96 | Dismissed with prejudice on motion of Ocwen, 180 day ban on re-filing imposed. |

96–43069–DRS–13     11/4/96                1/29/97                    Dismissed with preju-
dice on motion of
Ocwen, 180 day ban on
re-filing imposed. Au-
tomatic stay void *ab
initio*

---

The record indicates Rowe filed his latest Chapter 13 petition after 4:00 PM on November 4, 1996—the eve of Ocwen's scheduled foreclosure sale of Rowe's house. Rowe claims he sent a fax at "approximately 5:00 PM" on that day thereby, notifying Ocwen that he filed a Chapter 13 petition and that the automatic stay under 11 U.S.C. § 362(a) had been invoked. Rowe asserts that this was sufficient to put Ocwen on notice that the automatic stay had been invoked and therefore, Ocwen's foreclosure sale at 10:00 AM on November 5, 1996 sale violated the stay.

Ocwen claims Rowe intentionally sent the fax to a person outside of its foreclosure department which was handling the sale. It further claims that Rowe sent the fax at 7:46 PM—well after the close of business. As a consequence, Ocwen maintains its foreclosure department did not receive notice of Rowe's Chapter 13 petition until well after the foreclosure sale was completed and therefore, therefore no violation of the stay occurred. This Court finds Ocwen's statement of the facts to be credible.

It is clear that Rowe filed his latest Chapter 13 petition within the 180-day ban. This was a direct violation of 11 U.S.C. § 109(g). Furthermore, Rowe filed this petition fully aware that Judge Sharp's order dismissed Rowe's fourth Chapter 13 petition with prejudice thereby invoking the 180-day ban on re-filing. The impropriety of such a actions are obvious. *Matter of Ulmer,* 19 F.3d 234, 236 (5th Cir.1994).

Rowe attempts to mitigate the effects of his actions by asserting that multiple bankruptcy filings are not *per-se* bad faith, and by implying that there is a good faith exception to the 180-day ban imposed under 11 U.S.C. § 109(g). *See e.g. In re Luna,* 122 B.R. 575 (9th Cir. BAP 1991). Though the *Ulmer* court, acknowledged the existence of a line of cases outside the 5th Circuit which recog-

nizes a good faith exception to the 180-day ban, it never adopted the holdings of those cases, and further it distinguished those cases by stating that even if such an exception exists, it applies only to narrow circumstances in which a creditor would be rewarded for acting in bad faith. *Ulmer,* 19 F.3d at 236–37. Such an exception would not apply here. Notwithstanding Rowe's unfounded and unsupported allegation that Ocwen somehow failed to comply with Texas' twenty-day notice requirement for a foreclosure sale, the record contains no credible evidence of bad faith on the part of Ocwen. Accordingly, this court finds absolutely no grounds for finding that Rowe was entitled to a "good faith exception" to the 180-day ban on re-filing.

Further evidence supporting the bankruptcy court's conclusion that Rowe filed his petition in bad faith are: that Rowe sent a correspondence to Ocwen approximately a week before the sale in which he admits to knowing of the date of the sale; that the petition was filed at the end of the business day on the eve of the foreclosure sale; that he deliberately did not notify Ocwen's foreclosure department of the filing; and that the fax "notice" was sent to the wrong department and well after the close of the business day.

Based on this evidence and the fact that Rowe's latest petition was filed *in violation of* 11 U.S.C. § 109(g), the bankruptcy court determined that Rowe's petition was filed in bad faith and that Rowe engaged in these actions solely to harass Ocwen, and to improperly interfere with Ocwen's rightful attempt to foreclose on and sell Rowe's property. This Court agrees with the bankruptcy court's determination and finds that it committed no error in holding that Rowe's latest Chapter 13 was filed in bad faith and in violation of 11 U.S.C. § 109(g). *Anderson,* 470 U.S. at 573–74, 105 S.Ct. at 1511–12. Accordingly, the bankruptcy court was well

within its discretion to dismiss Rowe's Chapter 13 petition. Its order dismissing Rowe's Chapter 13 petition is affirmed.

### 2. *Voiding the Automatic Stay*

■ The bankruptcy court is also stands on solid footing in refusing to void the foreclosure sale of Rowe's house. After finding that Rowe's petition was filed in bad faith, the bankruptcy court used its authority under 11 U.S.C. § 362(d) to lift the automatic stay *ab initio*. By doing so, the court validated the foreclosure sale of Rowe's house. The court's obvious rationale in lifting the stay *ab initio* was, because Rowe's Chapter 13 petition was filed in bad faith and in violation of the 180-day ban, the petition was a nullity and consequently, the automatic stay never actually came into effect.

■ This court agrees with learned bankruptcy judge's reasoning. It also points to an alternative reason for affirming the bankruptcy court's refusal to void the sale. The law in the 5th Circuit is that actions taken in violation of the § 362 bankruptcy stay are merely **voidable and not void**. *In re Jones*, 63 F.3d 411, 412 (5th Cir.1995). In seeking a result similar to that which Rowe seeks, the debtors in *Jones* sought to void the foreclosure sale of their home which occurred in violation of the automatic stay. *Id.* The debtors filed a second Chapter 13 petition, apparently in good faith, but failed to give proper notice to a mortgage holder who reinstituted foreclose proceedings. *Id.* at 412. Approximately two weeks after the debtor's petition was filed, the mortgage holder completed the foreclosure sale under a deed of trust and purchased the debtor's home. *Id.* The court found that under the circumstances, the bankruptcy judge was within his discretion to refuse to void the sale. *Id.* at 413.

Given more compelling facts in this case,[2] this court finds that, under either rationale, the bankruptcy court acted within its discretion by refusing to void the foreclosure sale. The bankruptcy court's order lifting the stay is hereby affirmed.

### 3. *Due Process*

An axiom of due process jurisprudence is that the "injury" must implicate a fundamental right, a protected liberty interest, or a protected property right. See *Washington v. Glucksberg*, —— U.S. ——, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997); *Reno v. Flores*, 507 U.S. 292, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.1997). "Substantive due process" analysis always begins with a careful description of the asserted right. *Flores*, 507 U.S. at 302, 113 S.Ct. at 1447. In this case, Rowe claims a right to a "good faith" hearing by the bankruptcy court before it dismissed his case. He bases his claim the 5th and 14th Amendments and 11 U.S.C. §§ 1307(b), (c).

#### a. *5th and 14th Amendments*

■ The Due Process Clause of the 5th Amendment states: "No person shall … be deprived of life, liberty, or property without due process of law.…" U.S. CONST. amend. V. The bankruptcy court's refusal to conduct an evidentiary clearly does not deprive Rowe of life or liberty. Furthermore, Rowe had no protected property interest in a discretionary "good faith" hearing for a bankruptcy petition the very filing of which violated both a court order and a statute. Accordingly, this court finds Rowe's claim of a 5th Amendment due process violation utterly without merit.

Likewise, Rowe's claim of a 14th Amendment due process violation is equally without

---

**2.** Following *In re Jones*, 63 F.3d 411, 412 (5th Cir.1995), this Court, in deciding whether to void the foreclosure sale would take notice that: Rowe's latest Chapter 13 petition was filed in bad faith; he filed more than one petition in violation of a 180-day ban; he filed his latest Chapter 13 very near the close of he court's business day; he filed his latest Chapter 13 on the eve of the foreclosure sale; his "fax notice" appeared to be intentionally sent to the wrong department at Ocwen; and the fax was sent well after the close of Ocwen's business day. Given these facts, and the fact that when Ocwen conducted the foreclosure sale with notice that Rowe was barred from re-filing his petition for 180 days under 11 U.S.C. § 109(g), this Court would find that Ocwen conducted the sale in good faith and, in accord with *In re Jones*, 63 F.3d 411, 412 (5th Cir.1995), it would refuse to void the sale.

merit. The 14th Amendment concerns actions by the States. The application of the bankruptcy code is strictly a federal matter, no State action is implicated. The 14th Amendment due process clause does not apply.

### b. 11 U.S.C. § 1307(b) and (c)

■ Rowe states that, "The federal statutes require as a matter of due process that an evidentiary hearing be used to determine whether sufficient cause exists to warrant dismissal of a chapter 13 case in the face of a request from the debtor." While this is accurate statement of the law under 11 U.S.C. § 1307(b) and (c), Rowe's statement assumes the real question that must be answered, whether Rowe has the status of a debtor under the bankruptcy code. For reasons previously stated, Rowe is not a debtor under the bankruptcy code. The code defines who may not be a debtor in 11 U.S.C. § 190. Congress enacted 11 U.S.C. § 109(g) to prevent the type of behavior in which Rowe engaged in for the nearly four years. *Ulmer*, 19 F.3d at 235. When the bankruptcy court dismissed Rowe's fourth Chapter 13 petition with prejudice, he became ineligible to be a debtor under 11 U.S.C. § 109(g) for a period of 180 days from the date of dismissal. Rowe's latest petition was unarguably filed within that 180-day period. Accordingly, because Rowe is not a debtor under the bankruptcy code, he may not assert rights to a hearing under 11 U.S.C. § 1307(b) and (c). Accordingly, Rowe's "statutory due process" claim is without merit.

### III. SUMMARY

In what should be an end to this saga, this Court finds no merit to any of Rowe's claims of error and hereby affirms the orders of the bankruptcy court dismissing Rowe's latest Chapter 13 petition with prejudice and annulling the § 362 automatic stay.

Furthermore, this Court finds Jasper Rowe's practice of filing bad faith bankruptcy petitions in violation of court orders and in violation of 11 U.S.C. § 109(g) to be sanctionable. A further violations of 11 U.S.C.

§ 109(g) by Jasper Rowe will result in sanctions.