In re Helen J. KANE, Debtor.

Bankruptcy No. 99–20717.

United States Bankruptcy Court, D. Connecticut.

May 17, 1999.

Patrick W. Boatman, Boatman, Boscarino, Grasso & Twachtman, Glastonbury, CT, for debtor.

Randall S. McHugh, Reiner, Reiner & Bendett, P.C., Farmington, CT, for movant.

### RULING ON MOTION FOR RELIEF FROM AUTOMATIC STAY

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

## I.

### ISSUES

Knutson Mortgage Corporation ("the movant"), on March 19, 1999 filed a motion seeking relief from the automatic stay imposed by Bankruptcy Code § 362(a) in the Chapter 13 case of Helen J. Kane ("the debtor"). The debtor had filed her Chapter 13 petition on February 26, 1999. The motion, in pertinent part, asserts that the movant, on November 17, 1997, obtained in state court a judgment of foreclosure by sale with regard to the first mortgage which the movant held on the debtor's residence, known as 138 Naomi Drive, East Hartford, Connecticut ("the property"); that the court-ordered sale was held on January 16, 1999 and Raven Properties, LLC was the successful bidder; that on February 9, 1999, the state court entered its order confirming the sale; that the debtor retains "only a bare possessory interest in the property;" and that the movant seeks relief from the stay "to exercise its right to obtain possession of the subject premises." (Motion at 4.)

The asserted justification for the movant's request is that the entry of the order by the state court on February 9, 1999, confirming the foreclosure sale, terminated the debtor's equity of redemption. Accordingly, the property was not property of the debtor's estate when she filed her bankruptcy petition on February 26, 1999.

The debtor objects to the relief movant requests because her Chapter 13 plan proposes to cure debtor's default of movant's mortgage by paying the mortgage arrearage over time thereby reinstating the mortgage loan. She argues that (1) by virtue of her being in possession of the property she retains a right to redeem pursuant to Conn.Gen.Stat. § 49–23, and (2) the state-court order confirming the foreclosure sale did not terminate her equity of redemption because the appeal period from that order had not expired when she filed her bankruptcy petition. The parties have submitted the matter to the court solely upon briefs.

## II.

### DISCUSSION

The debtor's Chapter 13 plan seeks to utilize Bankruptcy Code § 1322(b)(5)

which permits the submission of a plan providing for "the curing of any default within a reasonable time ... on any ... secured claim...." Section 1322(c)(1) further provides that "a default with respect to ... a lien on the debtor's principal residence may be cured under paragraph ... (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law." The issue thus becomes, at what point under Connecticut law is a debtor's residence "sold" at a foreclosure sale? [1]

■ This court has previously ruled that "in Connecticut, the law is that the rights of a mortgagor in mortgaged property are terminated by confirmation of a foreclosure sale and that subsequent to such sale, any interest the mortgagor may claim is in the proceeds of the sale solely and not in the property", *New England Bank & Trust Co. v. Loubier (In re Loubier)*, 6 B.R. 298, 303 (Bankr.Conn.1980). *See also Washington Trust Co. v. Smith*, 241 Conn. 734, 742, 699 A.2d 73 (1997) (citing, with approval, *In re Loubier*, and holding that rights of redemption "may be exercised until such time as the judicial authority approves the foreclosure sale").

The debtor seeks to avoid the consequences of the *Loubier* holding by arguing that the court in *Loubier* did not address the two issues raised by her in this proceeding, namely, the effect of Conn.Gen. Stat. § 49–23 and the nonexpiration of the period for taking an appeal of the state-court order confirming the foreclosure sale.

### A.

#### *Conn.Gen.Stat. § 49–23*

■ Conn.Gen.Stat. § 49–23, or its precursor, has apparently been on the Connecticut statute books since 1840, and, remarkably, the court and the parties have not located any published Connecticut court ruling that has addressed its meaning or application. The statute, entitled "Ejectment by mortgagee barred by tender of debt and costs," provides:

> In any action brought by a mortgagee of real estate, or any person holding title under him, against the mortgagor, or any person holding title to the estate under him, to obtain possession of the estate by virtue of title derived by mortgage, a tender by the defendant of the amount of the debt, with interest and costs of suit, is a bar to further prosecution.

Conn.Gen.Stat.Ann. § 49–23 (West 1994).

■ The debtor, exhorting a literal reading of the statute, argues that it applies in mortgage foreclosure proceedings, and since the debtor is in possession of the property, she retains the right to redeem, including "the right to effect a cure of her mortgage." (*Debtor's Memorandum* at 5.) The court concludes that the debtor's reliance on Conn.Gen.Stat. § 49–23 is misplaced. That statute does not confer an additional redemption right in a mortgage foreclosure action. "Statutes are to be interpreted with regard to other relevant statutes because the legislature is presumed to have created a consistent body of law." *BayBank Connecticut, N.A. v. Thumlert*, 222 Conn. 784, 790, 610 A.2d 658 (1992) (citations and internal quotation marks omitted) (holding that Conn.Gen. Stat. § 49–14 valuation requirements for deficiency judgments applied only after strict foreclosure, not after foreclosure by sale). The debtor claims that Conn.Gen. Stat. § 49–23, has the effect of permitting her to exercise a right of redemption at any time while she remains in possession of the property, regardless of the state court entering a judgment of foreclosure and an order approving a foreclosure sale. Foreclosure, defined as "to shut out, to bar, [or] to destroy an equity of redemp-

---

1. The legislative history of this 1994 amendment to § 1322 indicates that "sold" means completion of a foreclosure sale. *See* 140 Cong.Rec. H 10,769 (daily ed. October 4, 1994) remarks of Rep. Jack Brooks.

tion," *Black's Law Dictionary* 646 (6th ed.1990), and the subsequent right of ejectment during a foreclosure action is specifically dealt with elsewhere in the Connecticut statutes. Conn.Gen.Stat. § 49–22 [2] deals with ejectment in great detail in an action brought to foreclose a mortgage. Conn.Gen.Stat. § 49–23, which refers specifically, and only, to an action for possession brought by a mortgagee by virtue of title derived by the mortgage must be interpreted in the context of Connecticut's statutory and case law concerning mortgages. "Connecticut adheres to the title theory of mortgages. It is undisputed that a mortgagee in Connecticut, both by common-law rule and by statute, is deemed to have taken legal title upon the execution of a mortgage on real property." *Red Rooster Construction Co. v. River Associates, Inc.*, 224 Conn. 563, 569, 620 A.2d 118 (1993).

**2.** § 49–22. Execution of ejectment on foreclosure judgment. Disposition of property

(a) In any action brought for the foreclosure of a mortgage or lien upon land, or for any equitable relief in relation to land, the plaintiff may, in his complaint, demand possession of the land, and the court may, if it renders judgment in his favor and finds that he is entitled to the possession of the land, issue execution of ejectment, commanding the officer to eject the person or persons in possession of the land and to put in possession thereof the plaintiff or the party to the foreclosure entitled to the possession by the provisions of the decree of said court, provided no execution shall issue against any person who is not a party to the action except a transferee or lienor who is bound by the judgment by virtue of a lis pendens. The officer shall eject the person or persons in possession and may remove such person's possessions and personal effects and set them out on the adjacent sidewalk, street or highway.

(b) Before any such removal, the sheriff or deputy charged with executing upon the ejectment shall give the chief executive officer of the town twenty-four hours notice of the ejectment, stating the date, time and location of such ejectment as well as a general description, if known, of the types and amount of property to be removed from the land. Before giving such notice to the chief executive officer of the town, the sheriff or deputy shall

Despite the normal practice of a mortgagor remaining in possession of the property as long as the mortgage was not in default, early (and recent) Connecticut case law supports a mortgagee's right to eject from the mortgaged property a non-defaulting mortgagor, and without notice.

The mortgagee, on the execution of the deed, is vested with the fee of the land and is entitled to the immediate possession.... Though the inference from the fact that the mortgagor is left in possession, is an agreement that he shall continue it, yet this is under this condition, that he is so entirely subject to the will of the mortgagee that he (the mortgagee) may consider the possession to be lawful, or treat him as a disseisor, without notice to quit. This results from the nature of an estate in mortgage, where the object is to give the mortgagee an

use reasonable efforts to locate and notify the person or persons in possession of the date and time such ejectment is to take place and of the possibility of a sale pursuant to subsection (c) of this section.

(c) Whenever a mortgage or lien upon land has been foreclosed and execution of ejectment issued, and the possessions and personal effects of the person in possession thereof are set out on the sidewalk, street or highway, and are not immediately removed by such person, the chief executive officer of the town shall remove and store the same. Such removal and storage shall be at the expense of such person. If the possessions and effects are not called for by such person and the expense of the removal and storage is not paid to the chief executive officer within fifteen days after such ejectment, the chief executive officer shall sell the same at public auction, after using reasonable efforts to locate and notify such person of the sale and after posting notice of the sale for one week on the public signpost nearest to the place where the ejectment was made, if any, or at some exterior place near the office of the town clerk. The chief executive officer shall deliver to such person the net proceeds of the sale, if any, after deducting a reasonable charge for removal and storage of such possessions and effects. If such person does not demand the net proceeds within thirty days after the sale, the chief executive officer shall turn over the net proceeds of the sale to the town treasury. Conn.Gen.Stat.Ann. § 49–22 (West 1994).

absolute power over the pledge to enable him to secure or enforce the payment of the debt.

*Rockwell v. Bradley,* 2 Conn. 1, 4–5 (1816); *See also Olean v. Treglia,* 190 Conn. 756, 770, 463 A.2d 242 (1983) ("Under the law of Connecticut, a mortgagee is deemed to have taken legal title upon the execution of a mortgage on real property and therefore, in the absence of an agreement to the contrary, has a right of immediate possession against his mortgagor.")

The court construes the purpose of Conn.Gen.Stat. § 49–23 [3] is to make the mortgagor's payment of the debt a bar to a mortgagee's separate action for ejectment under the mortgagee's right to possession of the mortgaged property, not to create an additional statutory right of redemption in a mortgage foreclosure action following the entry of an order confirming a foreclosure sale.

### B.

### *The Unexpired Appeal Period Issue*

The debtor contends that, because she filed her bankruptcy petition prior to the expiration of the time for taking an appeal of the state court's order confirming the sale, her equity of redemption has not terminated. The debtor correctly asserts that Conn.R.App.P. § 63–1 [4] allows twenty days for filing an appeal, and that Conn.R.App.P. § 61–11 [5] imposes an auto-

---

**3.** Conn.Gen.Stat. § 49–23, as originally approved on June 6, 1840, reads as follows:

Chapter CXI. An Act concerning Suits on Mortgages.

Sec. 1. *Be it enacted by the Senate and House of Representatives in General Assembly convened,* That whenever any real estate has been, or shall be mortgaged to secure the payment of any debt or debts, and such mortgagee or other person holding such mortgage, by assignment or otherwise, shall commence and prosecute any action of ejectment to recover the possession of such mortgaged premises, or any part thereof, either against such mortgagor or any other person or persons holding the same under him at any time when no part of such debt or debts or interest thereon shall be due and payable according to the tenor of such mortgage, it shall and may be lawful for the defendant in such suit, or such mortgagor, or his heirs or assigns, or any other person whose duty it may be to pay such debt or debts, to tender the same with the interest which shall be due thereon, and the costs of such suit, to the person or persons authorized or entitled to receive the same, and such tender duly and legally made, shall be a bar to the further prosecution of such suit or action.

Sec. 2. Whenever any real estate has been or shall be mortgaged as aforesaid, and such action of ejectment shall be commenced and prosecuted when a part only of such debt or debts, or the interest thereon shall be due and payable, according to the tenor of such mortgage, it shall and may be lawful for the defendant in such suit, or the mortgagor or his heirs or assigns or any other person or persons whose duty it may be to pay such debt or debts, to tender such part of the same as may be then due and payable with the interest which shall have accrued thereon, and the costs of such suit, to the person or persons duly authorized or entitled to receive the same, and such tender duly and legally made, shall be a bar to the further prosecution of such suit.

Sec. 3. Whenever any such action of ejectment shall have been commenced, and such tender shall be made as is herein before set forth, and such mortgagee or other person or persons authorized or entitled to receive such debt or debts as aforesaid, shall refuse to receive the same so tendered, the holder of such debt or debts shall not be entitled to recover any interest thereafter accruing thereon.

**4.** § 63–1 provides, in relevant part:

(a) Appeal period: commencement; length; extension of

Except where a different time is provided by statute, a party shall have twenty days from the commencement of the appeal period as set forth in this subsection to file an appeal in the manner prescribed by Section 63–3. The appeal period may be extended in accordance with the provisions of Section 66–1(a).

. . .

Conn.R.App.P. § 63–1 (West 1998).

**5.** § 61–11. Automatic Stay of Execution

In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is

matic stay ("the state stay of execution") on proceedings to enforce a judgment until the expiration of the time for filing an appeal, or, if an appeal is filed within such period, until ten days after the judgment on appeal.

The automatic stay imposed by § 362(a) of the Bankruptcy Code, triggered by the filing of the debtor's bankruptcy petition, suspended the deadline in the movant's foreclosure action for filing the appeal, thereby extending the state stay of execution. *See Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3rd Cir.1982) ("Section 362 should be read to stay all appeals in proceedings that were *originally brought* against the debtor regardless of whether the debtor is the appellant or appellee.") (emphasis in original). *Teachers Insurance and Annuity Association of America v. Butler*, 803 F.2d 61, 64 (2nd Cir.1986) (same); *Ostano Commerzanstalt v. Telewide Systems, Inc.*, 790 F.2d 206 (2nd Cir.1986) (same). However, nothing in the Connecticut statutes, rules or case law, nor in the Bankruptcy Code requires reinstatement of a mortgagor's previously terminated equity of redemption during the pendency of an appeal. The debtor's estate may possess the unexpired right of appeal, but that does not translate into the debtor's estate reacquiring the equity of redemption in the property.

The debtor argues that the holding in *Washington Trust* supports her contention that, in certain instances, an equity of redemption may be exercised months or years after the confirmation order. In *Washington Trust*, however, two parties, other than the mortgagor, who had a right to redeem the property moved to intervene *prior to* the court's confirmation of the sale. Their motion was denied, the sale was confirmed, and the potential intervenors appealed the confirmation order. The Connecticut Supreme Court eventually reversed the confirmation order, allowing the appellants to intervene and exercise their equity of redemption.

filed, such proceedings shall be stayed until the final determination of the cause; and, if the case goes to judgment on appeal, until ten days after the decision is officially released as set forth in Section 71-4; but if the judge who tried the case is of the opinion (1) that an extension to appeal is sought, or the appeal is taken, only for delay, or (2) that the due administration of justice so requires, the judge may at any time, upon motion and hearing, order that the stay be terminated. This section shall not apply to actions concerning attorneys pursuant to chapter 2, to periodic alimony and support orders, as well as to custody or visitation orders in domestic relations matters brought pursuant to chapter 25, to criminal matters brought pursuant to chapter 36 through 44 or to juvenile matters brought pursuant to chapters 26 through 35 other than any transfer orders to the regular criminal docket.

A motion to terminate the stay of execution may be filed before judgment; if it is, it maybe ruled upon when judgment is entered. If such a motion is filed before the judgment, or after judgment but before an appeal, it shall be filed in triplicate with the clerk of the superior court. If it is filed after the appeal is filed, an original and three copies shall be filed with the appellate clerk and forwarded to the judge who tried the case and that judge shall file any ruling thereon with the appellate clerk and with the clerk of the trial court wherein the matter was tried. If the judge who tried the case is unavailable, the motion shall be forwarded to the clerk of the court in the judicial district where the case was tried, and shall be assigned for a hearing and decision to any judge of the superior court. Unless the chief justice or chief judge shall otherwise order, any stay of proceedings which was in effect during the pendency of the appeal shall continue until the time for filing a motion for reargument has expired, and, if a motion is filed, until its disposition, and, if it is granted, until the appeal is finally determined. If no stay of proceedings was in effect during the pendency of the appeal and the decision of the court having appellate jurisdiction would change the position of any party from its position during the pendency of the appeal, all proceedings to enforce or carry out the decision of the court having appellate jurisdiction shall be stayed until the time for filing a motion for reargument has expired, and, if a motion is filed, until its disposition, and, if it is granted, until the appeal is finally determined.

Conn.R.App.P. § 61–11 (West 1998).

The equity of redemption was reinstated retroactively following the success of the appeal, not extended beyond the confirmation date simply by filing an appeal.

## III.

### CONCLUSION

The court concludes that the debtor's equity of redemption terminated prepetition upon the state-court's confirmation of the foreclosure sale. As a result, the debtor's estate does not have a property interest in the property. The movant's motion for relief from the automatic stay is granted so that the time permitted under state law for filing an appeal may resume, and, at the expiration of the state stay of execution, if no appeal is filed, the movant may proceed to exercise its right of ejectment of the debtor from the property. It is

SO ORDERED.