**In re Ted GOVOLA, Debtor.**

**Ted Govola, Debtor, Movant,**

v.

**Keith Murphy, Respondent.**

**No. 03–23731.**

United States Bankruptcy Court,
D. Connecticut.

Feb. 23, 2004.

Neil R. Crane, Stuart H. Caplan, Law Offices of Neil Crane, LLC, Hamden, CT, Counsel for Debtor.

David Seidman, Rocky Hill, CT, Counsel for Keith Murphy.

*MEMORANDUM OF DECISION*

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

## I.

### *ISSUE*

The matter before the court is a motion for relief from a final judgment or order ("the present motion")[1], filed by Ted Govola the Chapter 13 debtor ("the debtor") pursuant to Fed.R.Civ.P. 60(b)[2], made applicable in bankruptcy cases by Fed. R. Bank. P. 9024. The court order in question is one entered December 18, 2003, modifying the automatic stay imposed by Bankruptcy Code § 362(a) to permit Keith Murphy ("Murphy"), as the asserted owner of the property to "commence and/or continue his ejectment action against Debtor and exercise his legal rights with regard to property located at 2 Stevens

Place, Rocky Hill, in accordance with state law." At the January 13, 2004 hearing on the present motion, the parties agreed to submit a stipulation of facts[3] setting forth the matter's unusual background, along with their claims of law.

## II.

### *BACKGROUND*

The debtor, on November 21, 2002, was the owner of and resided in a condominium known as 2 Stevens Place, Rocky Hill, Connecticut ("the property"). On that date, GE Capital Mortgage Services, Inc. ("GE"), the holder of a second mortgage on the property, commenced a mortgage foreclosure action. The debtor failed to appear in that action during its pendency. The Connecticut Superior Court ("the state court"), on April 21, 2003, entered a judgment of foreclosure by sale and appointed Jonathan Ruhe, Esq. ("Ruhe") as the foreclosure committee. At the foreclosure sale held on June 21, 2003, Murphy was the high bidder at $51,000 and gave a $16,500 deposit to Ruhe. Ruhe, on June 23, 2003, filed a motion for, *inter alia*, state

1. Although the present motion is entitled "Motion To Reconsider Order Granting Keith Murphy's Relief From Stay," ¶ 16 of the motion states: "This Motion To Reconsider is filed pursuant to Rule 9024(b) [sic]...."

2. Fed.R.Civ.P. 60(b) provides as follows:

   (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.* On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic, misrepresentation, or

other misconduct of an adverse party); (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have been prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation....

3. The parties did not submit such a joint stipulation. However, the court believes that there is no dispute over the factual background described in Section II.

court approval of the foreclosure committee sale. Prior to such motion being heard by the state court, the debtor, on July 2, 2003, filed a Chapter 13 bankruptcy petition ("Case No. 1"). Debtor's counsel, Stuart II. Caplan, Esq. ("Caplan"), simultaneously gave written notice to Ruhe, GE's attorney, and the state court of the filing of the debtor's bankruptcy petition. The hearing in state court on Ruhe's motion for sale approval did not then proceed. Ruhe, however, on September 12, 2003, moved the state court for approval of his fees and expenses. The state court, on September 29, 2003, not only granted Ruhe such fees and expenses, but, apparently unaware that Case No. 1 was still pending, and at no party's request, entered an order which approved the foreclosure committee sale to Murphy. The state court approved the foreclosure committee deed on October 1, 2003.

GE, on October 3, 2003, in Case No. 1, filed a motion for relief from stay which stated it requested the relief in order to foreclose its mortgage on the property, the debtor having failed to make postpetition mortgage payments. The hearing on such motion, originally scheduled for October 21, 2003, was continued to November 4, 2003[4], at which time, on the Chapter 13 Trustee's motion, the court, without objection from Caplan, dismissed debtor's Case No. 1.[5] No party requested that the court act upon GE's pending motion for relief from stay. Ruhe, on November 19, 2003, tendered a deed of the property to Murphy and received from him the balance of the required purchase price ($34,500). At the property closing, Murphy paid the in-default first mortgage on the property held by Washington Mutual Bank FA in the amount of $62,828.58. Murphy funded the purchase by obtaining a first mortgage on the property in the amount of $101,500.

The debtor, acting *pro se,* on November 26, 2003, filed the present Chapter 13 case ("Case No. 2"). Murphy, on December 4, 2003, without knowledge of Case No. 2, obtained a state-court ejectment order and attempted, unsuccessfully, to obtain possession of the property. Murphy, on December 11, 2003, filed a motion for relief from stay to allow him, as the asserted property owner, to proceed in state court to eject the debtor.

At the December 18, 2003 hearing on Murphy's relief from stay motion, the debtor appeared *pro se*[6] and stated that in light of the complicated background leading to Murphy's obtaining title to the property, he wished to obtain counsel to represent him. The court entered GE's requested order modifying the stay, and advised the debtor that the order entered was stayed for 10 days[7]. (12/18/2003 Rec-

---

**4.** GE's counsel represented at the October 21, 2003 hearing that Caplan, as debtor's counsel, had no objection to the granting of the motion. Because the motion failed to list all encumbrances on the property and GE's counsel was unable to state what they were, the court, *sua sponte,* continued that hearing to November 4, 2003, the date of the debtor's plan confirmation hearing. There was no mention of the state-court doings of September 29, 2003 and October 1, 2003. (*See* Audio Record of 10/21/2003 Hearing ("10/21/2003 Record") at 11:12:28—11:15:04.)

**5.** The debtor's reply brief indicates that the debtor's case was dismissed "for the reason of

a Debtor's failure to make postpetition payments, as the result of employment difficulties...." (Debtor's Reply Brief at 5.)

**6.** Caplan had sent Murphy's counsel a letter in response to Murphy's motion stating that he, Caplan, no longer represented the debtor.

**7.** *See* Fed.R.Civ.P. 4001(a)(3). *Stay of Order.* An order granting a motion for relief from any automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise.

ord at 11:46:31—11:52:10.) Caplan subsequently appeared and, on December 22, 2003, filed the present motion on behalf of the debtor.

## III.

### THE PARTIES' POSITIONS

The debtor's memoranda of law principally argue as follows. The state-court order approving the foreclosure sale was void as having been entered in violation of § 362(a)[8]. If void, Ruhe's delivery of the deed to Murphy was void, and when the debtor filed Case No. 2, the property became property of the debtor's estate, subject to the automatic stay. Murphy's allegation in his motion for relief from stay that he is the owner, accordingly, is untrue as the dismissal of Case No. 1 does not "resurrect a sale that is legally void." (Debtor's Brief at 13.) In his reply brief, the debtor contends the court should not "annul the Automatic Stay" because Murphy's "problem" is "a self-inflicted difficulty." (Debtor's Reply Brief at 8.)

Murphy contends the present motion should be denied upon either legal or equitable grounds in that he is a guiltless purchaser who responded to Ruhe's demand that Murphy close the sale or risk forfeiture of his deposit following the state-court order of sale approval and the dismissal of the debtor's Case No. 1. He contends that between the debtor and him, he is an innocent purchaser with ongoing mortgage, tax and condominium expenses, and the debtor is occupying the property without cost to the debtor.

## IV.

### DISCUSSION AND CONCLUSION

#### A.

▇ The court has in mind the following principles of law in an attempt to unravel the unusual events described in Section III. Under Connecticut's mortgage foreclosure law, a debtor's ownership rights in his property continue, become property of his bankruptcy estate, and are subject to the automatic stay until the state court confirms or approves the foreclosure sale. *In re Kane*, 236 B.R. 131, 133 (Bankr.D.Conn.1999); *In re Loubier*, 6 B.R. 298, 303 (Bankr.D.Conn.1980). In the Second Circuit, court and other actions which violate the automatic stay are void and without effect.[9] *Eastern Refractories Co., Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir.1998); *In re*

---

8. Section 362(a), in relevant part, provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

. . . .

9. Some other courts have held such actions are voidable, not void. *See, e.g. In re Jones*, 63 F.3d 411 (5th Cir.1995); *Bronson v. United States*, 46 F.3d 1573 (Fed.Cir.1995); *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905 (6th Cir.1993) ("actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances"); *Job v. Calder (In re Calder)*, 907 F.2d 953 (10th Cir.1990).

*Colonial Realty Co.,* 980 F.2d 125, 137 (2d Cir.1992); *In re 48th Street Steakhouse, Inc.,* 835 F.2d 427, 431 (2d Cir.1987), *cert. denied* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988). "Nonetheless, § 362(d)[10] expressly grants bankruptcy courts the option, in fashioning appropriate relief, of 'annulling' the automatic stay .... The word 'annulling' in this provision evidently contemplates the power of bankruptcy courts to grant relief from the stay which has retroactive effect .... [Section] 362(d) permits bankruptcy courts, in appropriately *limited* circumstances, to grant retroactive relief from the automatic stay." *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984); *See, also Eastern Refractories Co., Inc.,* 157 F.3d at 172 ("[A]n order 'annulling' a stay does have retroactive effect, and thereby reaches back in time to validate proceedings or actions that would otherwise be deemed void *ab initio.*"). Although the debtor, neither in his moving papers nor in his memoranda, indicates upon which subdivision of Rule 60(b) he relies, Rule 60(b) motions are, in general, addressed to the discretion of the court with equitable principles taken into account. *See* 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2857 (1995).

### B.

■ After a review of the uncontested facts, the court has come to the conclusion that the equities, on balance, favor Murphy as the unwitting victim of the state-court's conceded error.[11] To begin, if this court had granted, rather than continued, GE's uncontested motion for relief from stay filed for the (now obvious) purpose of allowing GE to return to state court to complete properly GE's foreclosure action, there would be no issue as to Murphy's claim of ownership of the property. In addition, the debtor had no objection when the court dismissed Case No. 1 on the Chapter 13 trustee's motion based on the debtor's noncompliance with Chapter 13 provisions.

Murphy was also the victim of Ruhe's inappropriate demand following the dismissal of Case No. 1 that Murphy then complete the foreclosure sale or risk losing his deposit.[12] Murphy, since the November 19, 2003 closing, has been under obligation to make mortgage payments and became responsible for property tax and condominium common charges, while the debtor occupies the property, in effect rent free. The debtor's original first and second mortgages on the property having been satisfied, the debtor does not address how it will be possible to reconstruct such mortgages to be dealt with in debtor's Case No. 2.

The court concludes the appropriate order to enter that is "just" under these unique circumstances is one that annuls

---

**10.** 11 U.S.C. § 362(d) provides, in relevant part, "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay...."

**11.** The debtor has submitted an affidavit of his state-court attorney averring that on January 20, 2004, the state-court judge "stated in open court that her granting of the Motion for Approval of Committee Sale ... on September 29, 2003 was done in error and was a

mistake." (Affidavit of David M. Spinner, Ex. 5 at ¶ 5.)

**12.** The debtor notes that Murphy was aware of Case No. 1 and the state-court action of September 29, 2003 and secured advice from a title company and a "title specialist." The debtor suggests that Murphy's "real redress may lie in pursuing those individuals rather than overruling valid precedence [sic] of this Court." (Debtor's Reply Brief at 7.) The court disagrees.

the automatic stay as of September 29, 2003 as it applied to GE's foreclosure action so that the state-court order entered that date and the subsequent delivery of the deed for the property to Murphy are validated, and confirms Murphy's right to commence or continue his ejectment action against the debtor. It is

SO ORDERED.