SUMMARY ORDER
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and hereby is AFFIRMED.
John Deep, pro se, challenges whether the district court properly affirmed two separate orders of the bankruptcy court concluding that the Multi-District Litigation (“MDL”) court’s enforcement of its own injunction, entered against Deep, had not violated the bankruptcy court’s June 2002 order directing the MDL court to issue a decision on a pending preliminary injunction motion and to enforce that decision as appropriate. The parties’ familiarity with the facts and the proceedings is assumed.
In an appeal from a district court’s review of a decision by the bankruptcy court, this Court conducts an independent review of the bankruptcy court’s decision, accepting its factual findings unless clearly erroneous, but reviewing de novo its conclusions of law. In re AroChem Corp., 176 F.3d 610, 620 (2d Cir.1999). However, because Deep’s consolidated appeal “turns upon the intent and effect of the bankruptcy court’s” June 2002 order, In re Casse, 198 F.3d 327, 333 (2d. Cir.1999), and the bankruptcy court’s interpretation of that order on two separate occasions, the bankruptcy court’s interpretation “warrants customary appellate deference” by this Court, id. at 333 (quoting Colonial Auto Ctr. v. Tomlin, 105 F.3d 933, 941 (4th Cir.1997)). Accordingly, the bankruptcy court’s “interpretation of its order will not be disturbed .absent a clear abuse of dis *532 cretion.” Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir.1995) (citation and internal quotations omitted); see also In re Aquatic Dev. Group, Inc., 352 F.3d 671, 678 (2d Cir.2003) (same).
As a preliminary matter, to the extent that Deep is challenging the MDL court’s entry of the preliminary injunction against him — by arguing that the MDL court improperly denied Deep’s request for discovery and a hearing in deciding the Copyright Creditors’ motion, and that the injunction was overbroad — he is collaterally estopped from doing so, because the Seventh Circuit already has decided that the injunction was properly entered. See In re Aimster Copyright Litig., 334 F.3d 643, 648-56 (7th Cir.2003); Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir.2002) (noting that the doctrine of collateral estoppel precludes party from relitigating in subsequent proceedings an issue of fact or law that was fully and fairly litigated in a prior proceeding); cf. LaRocca v. Gold, 662 F.2d 144, 148 (2d Cir. 1981) (noting that, where state courts already had determined that plaintiffs First Amendment rights had not been violated, plaintiff was collaterally estopped from re-litigating issue in federal court). It appears, however, that Deep is essentially challenging only the MDL court’s enforcement of the injunction — alleging that it was not consistent with either the bankruptcy court’s June 2002 order or Title 11-rather than the entry of the injunction itself.
The bankruptcy court did not abuse its discretion by determining, twice, that the MDL court’s enforcement of its injunction — by first issuing a TRO against Deep and then entering an order of contempt against him — -had not violated the bankruptcy court’s June 2002 order. In the June 2002 order, the bankruptcy court explicitly ordered “that the MDL court may render its decision [on the motion for preliminary injunction] and enforce any of its terms, provided they are consistent with the terms of this order and the provisions of Title 11.” In re Deep, 279 B.R. 653, 660 (Bankr.N.D.N.Y.2002) (emphasis added). That is precisely what the MDL court did by entering the injunction and then, following Deep’s continued infringement and several hearings to address Deep’s alleged contempt, entering an order of contempt against him to enforce that injunction. As the district court correctly determined in an unpublished memorandum decision and order dated August 26, 2003, “[ajbsent the power to hold [Deep] in contempt, Judge Aspen’s authority to issue and enforce a preliminary injunction [would be] illusory.”
The language of the order gave the MDL court sufficient discretion to enforce its own injunction, and there is nothing in the record to suggest that the MDL court exceeded the scope of the June 2002 order. The bankruptcy court, which was in the best position to interpret its own order, properly noted that its June 2002 “[o]rder was clear that Judge Aspen ha[d] the discretion and authority, as any Judge should[], to enforce [h]is or her own orders as they deem appropriate.”
Contrary to Deep’s assertion that the bankruptcy court failed to determine whether the MDL court’s enforcement of its injunction was consistent with policies of Title 11 — as explicitly required by the June 2002 order — the bankruptcy court indeed did address the issue of whether the MDL court acted consistently with Title 11. Noting that “[i]f Judge Aspen had ordered something affirmatively to be done, certain property be turned over, something akin to that ... [he] would have exceeded the authority, that would not have been consistent with the policies of Title 11, the intent of Title 11,” the bankruptcy court concluded that “all that [Judge Aspen] was doing [was] preserving *533 the sanctity of his own order for somebody not to do something,” and that such action by Judge Aspen was “perfectly within the confines of Title 11 and was within the intent of [the bankruptcy court’s] ruling to allow [the MDL court] to issue a substantive decision and then to enforce it as necessary.” Nothing in either analysis by the bankruptcy court evinces an abuse of discretion in interpreting its own order, particularly in light of the explicit, unambiguous language of the order allowing the MDL court to “render its decision [on the motion for preliminary injunction] and enforce any of its terms.” In re Deep, 279 B.R. at 660; see also In re Casse, 198 F.3d at 333 (“The bankruptcy court [is] in the best position to interpret its own orders.”) (internal quotations and citation omitted). We have considered all of Deep’s other arguments and conclude that they are without merit.
The judgment of the district court is AFFIRMED.