**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1848

_____

In re: DENNIS J. ATIYEH,

                                        Petitioner
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 5:21-cv-02381)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2022

Before:  AMBRO, KRAUSE, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed November 30, 2022)
_____

OPINION[*]
_____

PER CURIAM

    Dennis J. Atiyeh was delinquent on the tax obligations of his farm. Foreclosure

loomed, so Atiyeh filed a petition for relief in the United States Bankruptcy Court for the

Eastern District of Pennsylvania. Atiyeh initially proceeded pro se under Chapter 12 of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the Bankruptcy Code. With the aid of newly retained counsel, however, Atiyeh was able to convert his petition and proceed under the Small Business provisions of Chapter 11.

Atiyeh was unable to produce a confirmable reorganization plan, despite multiple opportunities and an extension of the deadline in which to do so. In rejecting his latest plan—which was filed pro se after Atiyeh discharged his attorney and which, indisputably, suffered from critical omissions—the Bankruptcy Court observed that Atiyeh had not requested further extension of the statutory deadline for plan confirmation, see 11 U.S.C. § 1121(e). Atiyeh's motion for reconsideration of the plan-rejection ruling was denied.

Next, after an evidentiary hearing conducted via Zoom on May 4, 2021, the Bankruptcy Court entered an order (1) granting the United States Trustee's motion to dismiss the case for cause, under 11 U.S.C. § 1112(b), and (2) enjoining Atiyeh from filing for bankruptcy protection—absent leave of court—for three years, under 11 U.S.C. § 349(a).[1] Atiyeh appealed; the District Court affirmed; and this appeal followed.[2]

The District Court had subject matter jurisdiction under 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. Both an order dismissing a bankruptcy case under § 1112(b), and an order restricting future bankruptcy filings under

---

[1] This was neither Atiyeh's first bankruptcy case, nor the Bankruptcy Court's first time imposing a filing bar. See Supp. App'x Vol. I at 10.

[2] Atiyeh appealed as well to the United States Court of Appeals for the Federal Circuit. Concluding that it lacked jurisdiction and that transfer was unnecessary (given the appeal in this Court), the Federal Circuit entered an order of dismissal. See Atiyeh v. Vara, No. 2022-1781, 2022 WL 4231213, at *1 (Fed. Cir. Sept. 14, 2022) (per curiam order).

§ 349(a), are reviewed for abuse of discretion. See In re SGL Carbon Corp., 200 F.3d 154, 159 (3d Cir. 1999); In re Casse, 198 F.3d 327, 341 (2d Cir. 1999). Insofar as we are reviewing the underlying determinations of the Bankruptcy Court, "we stand in the shoes of the district court, applying a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions." In re IT Group, Inc., 448 F.3d 661, 667 (3d Cir. 2006) (citation omitted).

We have carefully considered Atiyeh's arguments on appeal. In short, those arguments reveal no clearly erroneous factfinding or reversible legal error or abuse of discretion by the Bankruptcy Court. On the contrary, the record readily reflects that the Bankruptcy Court properly rejected Atiyeh's most-recent, pro se amended plan as the latest in a series of plans which were not confirmable. Additionally, the Bankruptcy Court did not clearly err in finding that Atiyeh had failed to timely request an extension of the statutory deadline for plan confirmation, and that, regardless, more time would not have resulted in Atiyeh's producing a confirmable plan. Under the circumstances, dismissal under § 1112(b) was appropriate. Cf. In re Am. Cap. Equip., LLC, 688 F.3d 145, 162 (3d Cir. 2012) ("We find that the Bankruptcy Court did not abuse its discretion in determining that there was cause to convert on the basis that Appellants have been unable to propose a confirmable plan, and will be unable to do so in the future.").

Furthermore, we reject Atiyeh's apparent assertion that his due process right to be heard on his claims and objections, cf. In re Trib. Media Co., 902 F.3d 384, 397 (3d Cir. 2018), was violated as a result of the Bankruptcy Court's decision to conduct the May 4, 2021 hearing via Zoom. In light of the COVID-19 pandemic and attendant restrictions on

3

courthouse access, it was permissible and reasonable for the Bankruptcy Court to conduct the hearing using a videoconferencing platform. Cf. Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."); Fed. R. Bankr. P. 9017 (making Rule 43(a) applicable to contested bankruptcy matters). Atiyeh argues that the Bankruptcy Court's reliance on modern technology impaired his ability to present his case, see, e.g., Br. 4 ("Appellant has never emailed or texted in his life. * * * Millions of men and women do not go online or text."), but the Bankruptcy Court did not clearly err in finding that such argument is belied by, among other things, Atiyeh's prior participation in a hearing conducted using Zoom, and his participation in the May 4, 2021 hearing up to the point of his voluntary exit.[3]

Turning to the three-year filing bar, it is a close call whether Atiyeh raised in the District Court, and thus preserved for appeal here, any substantive challenge to that ruling of the Bankruptcy Court. Cf. Lloyd v. HOVENSA, LLC., 369 F.3d 263, 272–73 (3d Cir. 2004) ("Our Circuit adheres to a 'well established principle that it is inappropriate for an appellate court to consider a contention raised on appeal that was not initially presented to the district court.'") (citation omitted). Liberally construing Atiyeh's brief and supplemental response in the District Court, Atiyeh at most raised an argument that the Bankruptcy Court failed to make a finding of "bad faith" to support the filing bar. It is

---

[3] Atiyeh's attempts to cast himself as a farmer unaccustomed to the digital age do not rest easy alongside his apparent averment two decades ago that he "own[ed] and operate[d] a web site for users to place off-shore sports bets on line." Eng. Sports Betting, Inc. v. Tostigan, DC Civ. No. 01-cv-02202, 2002 WL 461653, at *1 (E.D. Pa. Mar. 15, 2002).

enough for present purposes to reject that argument as counterfactual. See Supp. App'x Vol. II at 212-13 (Bankruptcy Court: "And I do agree that there has been bad faith in the pattern and practice of filing several petitions over the last several years. So given that, I will grant the order dismissing the case. I will put in place a bar for three years.").

Finally, we take note of Atiyeh's arguments that the United States Trustee "hates Christians" and is "part of an organized crime syndicate," Br. 2, that "Appellant wasn't permitted to hire competent legal counsel," Br. 4, and that "Appellant was illegally charged for wrongdoings that were past all statute of limitations." Br. 5. Because these arguments distort, or otherwise find no support in, the record on appeal, they are rejected.

Accordingly, we will affirm the judgment of the District Court.