**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2870

_____

In re: SYLVIA N. EMIABATA; PHILIP O. EMIABATA,
Appellants

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civ. No. 1:23-cv-01308)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 6, 2025

Before:  HARDIMAN, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: October 7, 2025)
_____

OPINION[*]
_____

PER CURIAM

    Philip and Sylvia Emiabata have filed numerous pro se bankruptcy petitions—in a

variety of judicial districts—as part of a strategy to stave off foreclosure of their real

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

property in Texas.[1] The petitions all have been dismissed. Neither warnings about abusive filings, see, e.g., In re Emiabata, 642 B.R. 481, 486 (Bankr. D. Conn. 2022), nor the imposition of a four-year filing bar against Philip Emiabata individually, has deterred the Emiabatas from shopping for a forum hospitable to their litigation agenda.

That does not fully explain why they went to Delaware, specifically. In any event, the Emiabatas filed a pro se Chapter 13 petition in the U.S. Bankruptcy Court for the District of Delaware (the Bankruptcy Court) while the aforementioned filing bar was being challenged in the U.S. District Court for the District of Columbia.[2] The Delaware petition was filed without schedules or a proposed plan or other supporting documents.

The Chapter 13 trustee appeared in the case and filed a motion to dismiss the petition under 11 U.S.C. § 1307(c). The Bankruptcy Court ordered the Emiabatas to show cause why their petition should not be dismissed as abusive, and warned them that it would be considering imposition of a new filing bar.[3] The Bankruptcy Court subsequently entered an order denying the Emiabatas' request to reschedule the show-cause hearing, while permitting participation via Zoom.

---

[1] The Emiabatas have also filed suit against several financial institutions related to the foreclosure proceedings.

[2] The challenge to the filing bar failed. See Matter of Emiabata, C.A. No. 24-5190, 2025 WL 1766323, at *1 (D.C. Cir. June 26, 2025) (per curiam).

[3] The caption and the text of the Bankruptcy Court's order referred to the Emiabatas collectively as "Debtor."

After the hearing—which only Philip Emiabata attended—the Bankruptcy Court dismissed the Chapter 13 petition as abusive and imposed a four-year filing bar against the Emiabatas.[4] The District Court affirmed. In doing so, it rejected the Emiabatas' arguments about due process and the Bankruptcy Court's purported lack of jurisdiction.

The District Court also determined that the petition presented no legitimate basis for filing in Delaware—it listed a Texas address for Sylvia Emiabata, a District of Columbia address for Philip Emiabata, and a Connecticut mailing address for both.[5] Because of that, and given the twenty-year history of serial, abusive filings by the Emiabatas, the District Court determined that the Bankruptcy Court possessed and appropriately wielded the inherent power to impose a new filing bar.

The Emiabatas appealed.[6] We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. "In reviewing an appeal to a District Court of a bankruptcy decision, 'we stand in the shoes of the District Court and review the Bankruptcy Court's decision.'" In re Sterten, 546 F.3d 278, 282 (3d Cir. 2008) (citation omitted). Decisions to dismiss a bankruptcy petition as abusive and to impose a filing bar are both reviewed for abuse of

---

[4] It does not appear that a transcript of the show-cause hearing was ever ordered.

[5] The petition made ambiguous reference to a business domicile as the reason for filing in Delaware. The District Court rightly described that claim as unsubstantiated.

[6] They also sued the Bankruptcy Judge. The order dismissing that action is currently pending on appeal in this Court. See Emiabata v. Shannon, C.A. No. 25-2352 (3d Cir.).

discretion. See In re Myers, 491 F.3d 120, 125 (3d Cir. 2007); In re Casse, 198 F.3d 327, 341 (2d Cir. 1999).

We will affirm the judgment of the District Court, essentially for the reasons in its September 6, 2024 opinion. In particular, we agree with the District Court that the Bankruptcy Court had the authority to dismiss the Emiabatas' petition, see In re Myers, 491 F.3d at 125 ("A bankruptcy filing made in bad faith may be dismissed 'for cause' under 11 U.S.C. § 1307(c), although § 1307(c) does not explicitly mention the good faith requirement."), and to impose a new filing bar, see 11 U.S.C. §§ 105(a) and 349(a); Chambers v. NASCO, Inc., 501 U.S. 32, 43–44 (1991), which bar was aptly tailored under the circumstances and preceded by notice and an opportunity to respond. Finally, insofar as the Emiabatas have accused the judges below of bias, we reject the accusations as without any record support.